UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

TURNER CONSTRUCTION COMPANY,

           Plaintiff,

   -against-

KINSALE INSURANCE COMPANY and MT. HAWLEY
INSURANCE COMPANY

           Defendants.
------------------------------------------------------------------------x

Civil Action No.:

**JURY DEMANDED**

# COMPLAINT

The Plaintiff, Turner Construction Company ("Turner") by and through its attorneys, Saxe Doernberger & Vita, P.C., alleges upon information and belief as follows:

## THE PARTIES

1. Plaintiff, Turner, is a corporation duly organized and existing under the laws of the State of New York with its principal place of business located in New York.

2. Upon information and belief, Defendant, Kinsale Insurance Company ("Kinsale"), is an insurance company duly organized under the laws of the State of Arkansas with its principal place of business in Virginia.

3. Upon information and belief, Defendant, Mt. Hawley Insurance Company ("Mt. Hawley"), is an insurance company duly organized under the laws of the State of Illinois with its principal place of business in Illinois.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Kinsale because, among other reasons, Kinsale is an insurance company conducting business in the State of New York including engaging

1

in the business of selling insurance, investigating claims, and/or issuing policies that cover policyholders, activities, and risks located in New York.

5. This Court has personal jurisdiction over Mt. Hawley because, among other reasons, Mt. Hawley is an insurance company conducting business in the State of New York including engaging in the business of selling insurance, investigating claims, and/or issuing policies that cover policyholders, activities, and risks located in New York.

6. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 in that it is a civil action between parties of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

7. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events giving rise to this suit occurred in this judicial district.

8. This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 et. seq. and Rule 57 of the Federal Rules of Civil Procedure.

**FACTUAL ALLEGATIONS**

9. Turner entered into a contract with BSREP Nero III LLC ("BSREP") to act as general contractor for a construction project called the 666 Fifth Avenue Repositioning Project, located at 666 Fifth Avenue in New York, New York (the "Project") (the "Turner-BSREP Contract").

10. On or about May 20, 2020, New Land Interiors Corp. ("New Land") entered into a subcontract with Turner to perform asbestos abatement and interior demolition work at the Project (the "Turner-New Land Contract"; a copy of the Turner-New Land Contract is attached hereto as Exhibit A).

2

11. Millennium Services LLC ("Millennium") then entered into a sub-subcontract with New Land to perform labor work at the Project (the "New Land-Millennium Contract"; a copy of the New Land-Millennium Contract is attached hereto as Exhibit B).

12. On or about August 7, 2020, Angel Naula, an employee of Millennium, allegedly suffered injuries while performing work at the Project (the "Accident").

13. On or about August 26, 2020, Angel Naula commenced a lawsuit against Turner and BSREP, Brookfield Properties Management LLC ("Brookfield") and 666 Fifth Avenue Associates LLC ("666 Fifth Ave") (collectively the "Owners"), seeking damages as a result of the Accident, which is pending in the Supreme Court of New York, County of Queens, Index No. 714112/2020 (the "Naula Action"). A copy of the complaint filed in the Naula Action is attached hereto as Exhibit C.

14. Brookfield is the property management entity for the Project.

15. 666 Fifth Ave is the property owner of the Project.

16. BSREP leased the Project premises as a tenant from 666 Fifth Ave pursuant to a written lease agreement.

17. Turner procured a Contractor Controlled Insurance Program from Liberty Mutual Fire Insurance Company ("Liberty"), policy number TB2-625-095452-010, effective from May 8, 2020 to May 8, 2023, with a limit of $5,000,000 per occurrence (the "CCIP") for the Project.

18. Liberty agreed to defend Turner and the Owners under the CCIP in connection with the Naula Action.

19. Pursuant to the New Land-Millennium Contract, Millennium did not enroll in the CCIP.

20. The CCIP does not cover Millennium's operations.

21. Pursuant to the New Land-Millennium Contract, Millennium agreed to procure general liability insurance with combined policy limits of at least $5,000,000 per occurrence and name the "Owner" and "General Contractor" and their respective partners, directors, officers, employees, agents and representatives, as additional insureds on said policy(ies) as additional insureds on said policy(ies) on a primary and non-contributory basis.

22. The New Land-Millennium Contract does not define the term "General Contractor".

23. Turner was the General Contractor for the Project.

24. The New Land-Millennium Contract does not define the term "Owner".

25. The Turner-New Land Contract defines "Owner" as Brookfield Financial Properties, L.

26. Brookfield, BSREP, and 666 Fifth Ave qualify as partners, directors, officers, employees, agents and/or representatives of Brookfield Financial Properties, L.

27. The New Land-Millennium Contract therefore required Millennium to name Turner and the Owners as additional insureds on the required insurance policy(ies) on a primary and non-contributory basis.

28. Kinsale issued Millennium a primary commercial general liability policy (no. 0100098887-0), effective from October 21, 2019 to October, 21 2020, with a limit of $1,000,000 per occurrence (the "Kinsale Policy").

29. At all relevant times, the Kinsale Policy was in full force and effect.

30. Turner and Owners are additional insureds under the Kinsale Policy.

31. The Kinsale Policy provides additional insured coverage to Turner and the Owners for bodily injury caused, in whole or in part, by (1) Millennium's acts or omissions; or (2) the acts or omissions of those acting on Millennium's behalf.

32. The allegations in the Naula Action give rise to a duty to defend and indemnify Turner and the Owners as additional insureds under the Kinsale Policy.

33. Mt. Hawley issued Millennium an umbrella commercial general liability policy no. MXL0430760, effective from October 21, 2019 to October 21, 2020, with a limit of $10,000,000 per occurrence (the "Mt. Hawley Policy").

34. At all relevant times, the Mt. Hawley Policy was in full force and effect.

35. Upon information and belief, the Mt. Hawley Policy provides that "[a]ny additional insured under any policy of 'underlying insurance' will automatically be an insured under this insurance."

36. Upon information and belief, the Kinsale Policy is a "policy of 'underlying insurance,'" as those terms are used in the Mt. Hawley Policy.

37. Upon information and belief, Turner and Owners are therefore additional insureds under the Mt. Hawley Policy.

38. Upon information and belief, the allegations in the Naula Action give rise to a duty to defend and indemnify Turner and the Owners as additional insureds under the Mt. Hawley Policy upon exhaustion of the Kinsale Policy.

39. On or about December 8, 2021, Liberty, on behalf of Turner and the Owners, provided timely notice to Kinsale and Mt. Hawley of the Accident and the Naula Action.

40. On or about December 23, 2021, Kinsale disclaimed coverage for Naula Action as to Millenium, Turner, and any other party.

41. On February 3, 2022, Kinsale specifically rejected Turner and the Owners' tender.

42. On May 21, 2024, Turner and the Owners requested Kinsale reconsider its coverage decision as to Turner and Owners for additional insured coverage under the Kinsale Policy.

43. Kinsale has not responded to Turner and the Owners' request to date despite repeated demands for a response to same.

44. Mt. Hawley has not responded to Liberty's tender to date.

### FIRST CAUSE OF ACTION AGAINST KINSALE
### (BREACH OF CONTRACT)

45. The allegations of paragraphs 1 through 44 are hereby repeated and realleged as if set forth fully herein.

46. Pursuant to the Kinsale Policy, Kinsale promised to pay those sums that Turner and the Owners become legally obligated to pay as damages because of bodily injury caused by an occurrence during the policy period.

47. Pursuant to the Kinsale Policy, Kinsale promised to defend Turner and the Owners from any suit alleging an occurrence during the policy period.

48. The allegations in the Naula Action trigger Kinsale's duty to defend Turner and the Owners.

49. Turner and Owners demanded that Kinsale defend them as additional insureds under the Kinsale Policy.

50. To date, Kinsale has repeatedly failed and/or refused to defend or indemnify Turner and Owners in the Naula Action.

51. Said refusal constitutes a breach of the Kinsale Policy.

52. As a consequence of Kinsale's breach, Turner has been, and continues to be, damaged.

## SECOND CAUSE OF ACTION AGAINST KINSALE
### (DECLARATORY JUDGMENT)

53. The allegations of paragraphs 1 through 44 are hereby repeated and realleged as if set forth fully herein.

54. Pursuant to Millennium's contractual obligations to Turner and the Owners and the terms of the Kinsale Policy, Kinsale is obligated to defend and indemnify Turner and the Owners as additional insureds in connection with the Naula Action.

55. An actual cause and justiciable controversy exists regarding Kinsale's obligations under the Kinsale Policy pertaining to defense, reimbursement of past defense costs and/or indemnification of Turner and Owners in connection with the Naula Action, and a declaratory judgment, pursuant to N.Y. C.P.L.R. § 3001 and New York Insurance Law § 3420, is necessary and appropriate to determine the rights and duties of Turner and Kinsale pursuant to the Kinsale Policy.

## THIRD CAUSE OF ACTION AGAINST KINSALE
### (CLAIM FOR ATTORNEY'S FEES)

56. The allegations of paragraphs 1 through 44 are hereby repeated and realleged as if set forth fully herein.

57. Turner seeks to recover its coverage counsel's fees pursuant to Mighty Midgets, Inc. v. Centennial Ins. Co., 389 N.E.2d 1080 (N.Y. 1979), which permits an insured that prevails against its insurer in coverage litigation to recover fees if the insured was cast in a "defensive posture" by the insurer.

58. Despite Turner's status as plaintiff in this action, Turner has been cast in a "defensive posture" by virtue of Kinsale's repeated and unfounded denial of additional insured coverage. See, e.g., Houston Cas. Co. v. Prosight Specialty Ins. Co., 462 F. Supp. 3d 443 (S.D.N.Y.

2020) (holding that while the <u>Mighty Midgets</u> rule has historically permitted fee recovery when the insured is a defendant in coverage litigation, a court may look beyond the labels "plaintiff" and "defendant" to determine whether an insured is in an offensive or defensive position in a declaratory judgment action; and permitting the insured, as plaintiff in the declaratory judgment action, to recover coverage counsel's fees because it was put in a defensive posture when the insurer "persistently and seemingly reflexively" denied its obligation to defend and indemnify the insured in the underlying action).

59. Turner was cast in a defensive posture by Kinsale's baseless, persistent, and seemingly reflexive denials of coverage.

60. If Turner prevails in this action, it will be entitled to recover its attorneys' fees incurred in bringing this action against Kinsale.

### THIRD CAUSE OF ACTION AGAINST MT. HAWLEY
### (DECLARATORY JUDGMENT)

61. The allegations of paragraphs 1 through 44 are hereby repeated and realleged as if set forth fully herein.

62. Upon information and belief, pursuant to Millennium's contractual indemnity obligations to Turner and the Owners, and the terms of the Mt. Hawley Policy, Mt. Hawley is obligated to indemnify Turner and the Owners and pay those amounts Turner and the Owners become legally obligated to pay in excess of the underlying limits of insurance (i.e., the Kinsale Policy limits) and any applicable retention, in connection with the Naula Action.

63. A dispute has arisen between Turner and Mt. Hawley regarding whether, pursuant to the terms of the Mt. Hawley Policy, Mt. Hawley is obligated to pay in excess of the Kinsale Policy limits and any applicable retention, in connection with the Naula Action.

64. An actual cause and justiciable controversy exists regarding Mt. Hawley's obligations under the Mt. Hawley Policy pertaining to defense, reimbursement of past defense costs incurred by Turner and the Owners and/or indemnification of Turner and the Owners in connection with the Naula Action, and a declaratory judgment, pursuant to N.Y. C.P.L.R. § 3001 and New York Insurance Law § 3420, is necessary and appropriate to determine the rights and duties of Turner and Mt. Hawley pursuant to the Mt. Hawley Policy.

### **PRAYER FOR RELIEF**

WHEREFORE, Turner prays for judgment against Kinsale and Mt. Hawley as follows:

1. A judgment be entered against Kinsale awarding damages in a sum equal to the defense costs incurred by Turner to date, plus the amount of any monies Turner is required to expend in the future in connection with the Naula Action;

2. A judgment be entered against Kinsale awarding damages in a sum equal to the defense costs incurred by Turner in the defense of the Owners to date, plus the amount of any monies Turner is required to expend in the future in connection with the Owners' defense of the Naula Action;

3. A declaratory judgment be entered that Kinsale is obligated to defend and indemnify Turner and the Owners in the Naula Action as additional insureds under the Kinsale Policy;

4. A declaratory judgment be entered that Mt. Hawley is obligated to indemnify Turner and the Owners immediately upon exhaustion of the Kinsale Policy;

5. Attorneys' fees;

6. Interest; and

7. Any such further relief as this Court may deem just and proper.

**JURY DEMAND**

Turner demands a trial by jury on all issues so triable.

Dated:   Trumbull, Connecticut                    Turner Construction Company,
             January 10, 2025

/s/Bethany L. Barrese
Bethany L. Barrese, Esq. (BD8843)
Saxe Doernberger & Vita, P.C.
136 Madison Avenue
5th Floor
New York, NY 10016
bbarrese@sdvlaw.com

-and-

233 Mount Airy Road
Basking Ridge, NJ
07920 (973) 446-7302

/s/Janie Reilly Eddy
Janie Reilly Eddy, Esq. (5417688)
Saxe Doernberger & Vita, P.C.
136 Madison Avenue
5th Floor
New York, NY 10016
(203) 287-2100
(203) 287-8847- Facsimile

-and-

35 Nutmeg Drive, Suite 140
Trumbull, CT  06611
(203) 287-2100
jeddy@sdvlaw.com

*Attorneys for Plaintiff*

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

    /s/Bethany L. Barrese
Bethany L. Barrese, Esq.